# UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF PUERTO RICO

RAFAEL ROJAS CONTRERAS,
  Petitioner,

v.

UNITED STATES OF AMERICA,
  Respondent.

Civil No. 97-2499 (HL)
Crim. No. 94-14-4 (HL)

## OPINION AND ORDER

Before the Court is a petition for postconviction relief under 28 U.S.C. § 2255 filed by Rafael Rojas Contreras ("Rojas"). Rojas pled guilty to one count of conspiracy to possess with intent to distribute cocaine[1] and on December 8, 1994, he was sentenced to a term of 168 months of imprisonment. Rojas appealed, but later moved for dismissal. On December 2, 1995, the United States filed a motion under Fed.R.Crim.P. 35, for correction and reduction of sentence. Pursuant to the government's request, the Court amended Rojas' sentence by lowering the term of imprisonment to 98 months. Rojas again filed an appeal, but the Court of Appeals dismissed it for want of prosecution. Rojas filed the present petition on October 10, 1997.

## DISCUSSION

A collateral proceeding under 28 U.S.C. § 2255 is not a substitute for a direct appeal. *Knight v. U.S.*, 37 F.3d 769, 772 (1st Cir. 1994). A "direct appeal provides criminal defendants



---

[1] 21 USC 841 (a)(1); 846



Civil No. 97-2499 (HL)                    2
Crim. No. 94-14 (HL)

with a regular and orderly avenue for correcting [non-constitutional, non-jurisdictional] errors." *Id.* Thus, criminal defendants who fail to raise such errors on appeal are estopped from raising them through collateral attack under § 2255 "absent exceptional circumstances" that would amount to a "complete miscarriage of justice." *Id.* In this case, Rojas appealed on two occasions, yet both appeals were dismissed: one at the request of Rojas and the second one because of Rojas' inaction. Having failed to raise his claims on appeal, Rojas' claims must meet the cause and prejudice standard to be subject to review in this action. *Id.* The Court finds that the claims fall short of the heightened standard. Rojas' first claim is that of breach of plea agreement by the government. Rojas' second claim is that the district court abused a discretion explicitly committed to it by the sentencing guidelines. These claims, as well as the disproportionate sentence claim, are ordinary errors that could have been raised on appeal. Therefore, Rojas' claims are not actionable under § 2255. Still even if the claims were subject to collateral attack, they would not survive on the merits. Nevertheless, the Court addresses Rojas' allegations *seriatim.*

## 1. Claim of breach of plea agreement by government

The instant petition for relief is Rojas' first under § 2255. Rojas claims that he made a verbal agreement with the government to enter a plea of guilty as to count one of the indictment in exchange of a sentence of 10 years imprisonment and 5 years of supervised release. Since the Court sentenced him to 14 years of imprisonment and 5 years of supervised release, Rojas claims breach of the agreement by the government.

Civil No. 97-2499 (HL)                3
Crim. No. 94-14 (HL)

The problem with Rojas' argument is threefold. First, there is no evidence on record of a verbal agreement with the government nor has Rojas proffered any. The only evidence on record is that of a written agreement signed by Rojas which states, in pertinent part: "defendant Rafael Rojas Contreras understands that he may be sentenced in the following way: to a term of imprisonment which may not be less than ten years or more than life and a term of supervised release of not more than five (5) years." Thus, the agreement did not guarantee a sentence of ten years as claimed by Rojas, but merely stated the *minimum* sentence to be imposed. Secondly, the parties agreed that the terms and conditions of that agreement "constitute[d] the entire plea agreement between the parties and den[ied] the existence of any other terms and conditions not stated" therein. Rojas has not proffered any evidence contradicting or questioning such statement. Thirdly, as stated in the plea agreement, sentencing is exclusively within the province of the trial court. *Sentencing Guidelines*, 18 USC § 3551, *et seq.* The government may recommend a sentencing range, but the Court determines the sentence to be imposed. Therefore, this Court finds Rojas' claim without merit.

## 2. Claim of Failure to Consider Grounds for Downward Departure

Rojas next asserts that the district court refused to consider his minimal role in the offense as grounds for a downward departure under the Sentencing Guidelines. "An unwavering line of First Circuit cases holds that a district court's refusal to grant a defendant a downward departure under the Sentencing Guidelines can not ground an appeal or collateral attack." *Rodriguez Rodriguez v. United States of America*, 2000 WL 33158563 (D.P.R.) See,

Civil No. 97-2499 (HL)                    4
Crim. No. 94-14 (HL)

e.g., United States v. Cruz, 213 F.3d 1, 5 (1st Cir.2000) (noting that "refusal to depart on [the

listed] grounds would not be reviewable in any event"); United States v. Robles- Torres, 109

F.3d 83, 87 (1st Cir.1997) (holding that an appeal can not successfully be based on a court's

failure to grant a downward departure); *United States v. Pierro*, 32 F.3d 611, 619 (1st

Cir.1994) (stating that "[i]t is by now axiomatic that a criminal defendant cannot ground an

appeal on a sentencing court's discretionary decision not to depart below the guideline

sentencing range"), cert. denied, 513 U.S. 1119, 115 S.Ct. 919, 130 L.Ed.2d 799 (1995);

*United States v. Tardiff*, 969 F.2d 1283, 1290 (1st Cir.1992) (holding that "[a] district court's

refusal to depart from a correctly calibrated sentencing range, regardless of the suggested

direction, is simply not an appealable event"); *United States v. Amparo*, 961 F.2d 288, 292

(1st Cir.1992) (pointing out that "[i]t is an immutable verity that 'absent extraordinary

circumstances, a criminal defendant cannot ground an appeal on the district court's

discretionary decision not to undertake a downward departure from the sentencing range

indicated by the guidelines" ' (quoting *United States v. Ruiz*, 905 F.2d 499, 508-09 (1st

Cir.1990))), cert. denied, 506 U.S. 878, 113 S.Ct. 224, 121 L.Ed.2d 161 (1992).  Rojas' claim

would survive, though, "if the record support[ed] an inference that the sentencing court's

failure to depart did not represent an exercise of fact finding or discretion, but was instead the

product of the court's miscalculation about whether it possessed the authority to depart."

*Amparo*, 961 F.2d at 292.  The record is devoid of such proof.  Therefore, the claim of failure

to consider grounds for downward departure must be denied.

Civil No. 97-2499 (HL)                    5
Crim. No. 94-14 (HL)

### 3. Claim of disproportionate sentence

Rojas was arrested and indicted with several co-defendants. While Rojas was sentenced to one hundred sixty eight months of imprisonment, other co-defendants were sentenced to lower terms of imprisonment. Specifically, co-defendant Eduardo Gonzalez Campo ("Gonzalez"), who pled guilty to counts one and six of the indictment, was sentenced to fifty (50) months as to count 1 and forty (40) months as to count 6, to be served concurrently with each other. In addition, co-defendant Rene Fernandez Del Valle ("Fernandez"), who pled guilty to count one, was sentenced by the Court to thirty (30) months of imprisonment. For both of these defendants the Court granted a downward departure from the guideline range upon motion of the government, as a result of defendants' substantial assistance. At the time of Rojas' sentencing the government did not recommend a lower sentence. Subsequently, the government moved under Rule 35 for a reduction in Rojas' sentence pursuant to USSG § 5C1.2. The Court amended Rojas' sentence from one hundred sixty eight (168) months to ninety eight (98) months.

First Circuit case law establishes that "a defendant is not entitled to a lighter sentence merely because his co-defendants received lighter sentences." *United States v. Gomez Pabon*, 911 F.2d 847, 862 (1ˢᵗ Cir. 1990). And, under the sentencing guidelines, disparity of sentences among defendants is no ground for a departure from the sentencing range. *United States v. Wogan*, 938 F.2d 1446, 1448-49 (1ˢᵗ Cir. 1991). Thus, the lighter sentences of the co-defendants do not establish a claim of disproportionate sentence. Rojas also contends that

Civil No. 97-2499 (HL)                     6
Crim. No. 94-14 (HL)

he was prejudiced by the government's belated request for reduction of sentence. But the

record shows that when the government moved the Court to lower Rojas' sentence, the Court

significantly lowered Rojas' term of imprisonment from one hundred sixty eight to ninety

eight months. This amended sentence is similar to co-defendant Wilson Ocampo's, who also

pled guilty to count one of the indictment.[2]  Thus, the Court finds Rojas' claim of

disproportionate sentence as well as his claim of prejudice without merit.

    WHEREFORE, for all of the reasons set forth above, the Court denies Rojas' §

2255 petition. Judgment shall be entered accordingly.

    **IT IS SO ORDERED.**

    San Juan, Puerto Rico, March 30, 2001.

                                        HECTOR M. LAFFITTE
                                        Chief U.S. District Judge

---

    [2] The government noted in its Rule 35 motion that Rojas' cooperation was not as useful to
the investigation as that of other co-defendants'. This may account for the lower sentences
of Gonzalez and Fernandez.